**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff,*
*Mark Walch*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WALCH,<br><br>                    Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC<br><br>                    Defendant. | **Case No:** _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 Et Seq.**<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227**<br>3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br><br>**JURY TRIAL DEMANDED** |

Complaint for Damages

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. *See* Cal. Civ. Code § 1788.17(a)(2).

3. California legislature, as a result, enacted Cal. Civ. Code §§ 1788 *et seq.*, ("Rosenthal Act"), which incorporates FDCPA, and yet provides more broad protection to consumers against the original creditors and debt collectors.

4. MARK WALCH, ("Plaintiff"), through Plaintiff's attorneys, brings this action for violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.*, (Rosenthal Act), to challenge the actions of COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, ("Defendant"), with

regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

6. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

7. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

8. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

9. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

10. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

11. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

12. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction because this case arises out of violation of federal laws: the TCPA, 47 U.S.C. § 227 et seq.

15. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

16. This action arises out of Defendant's violations of the TCPA, 47 U.S.C. § 227 et seq., the Rosenthal Fair Debt Collection Practices Act, and the California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

17. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well, and in Stanislaus County.  Defendant's unauthorized and abusive collection calls were to Plaintiff's cellular telephone while Plaintiff was residing in San Joaquin County.

## PARTIES

18. Plaintiff is a natural person, as that term is used in California Civil Code § 1788.2(h), who Plaintiff resided and continues to reside in the State of California, within this Court's district.  At the time of the incident, Plaintiff resided in San Joaquin County.

19. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

20. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company organized under the laws of Delaware, with its headquarters located in Philadelphia, CA.

21. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

22. Defendant, is and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39) and Cal. Civ. Code § 1788.2(g). Defendant collects on alleged defaulted debts.

## FACTUAL ALLEGATIONS

23. Sometime prior to 2016, Plaintiff procured Defendant's service.

24. At some point around May 2016 or prior, Plaintiff allegedly fell behind on its financial obligations allegedly owed to Defendant for its services.

25. As it is irrelevant to this action, Plaintiff takes no position of whether the alleged financial obligations were valid.

26. These allegedly owed financial obligations constitute "debt" and arise from a "consumer debt" as the term defined under Cal. Civ. Code § 1788.2(d) and (f).

27. Thereafter, Defendant began calling Plaintiff on his cellular telephone ending in "0179," from telephone number (800) 266-2278.

28. When Plaintiff answered the calls, Defendant's automated artificial and pre-recorded message played stating that Defendant has an important message for Plaintiff.

29. To connect to a live representative, Plaintiff was compelled to stay on the line until he was finally connected to a representative, who then demanded a payment from Plaintiff.

30. After the calls persisted, and Plaintiff had no ability to pay to Defendant, Plaintiff requested to Defendant to stop calling by stating "I'll pay you when I get the money, stop harassing me."

31. Plaintiff also explained to Defendant that he is a student and has no means to pay to Defendant, and until such time he will be unable to make any payment.

32. Defendant, ignoring Plaintiff's pleas and requests not to call non-stop on daily basis.
33. Defendant's calls, however, continued.
34. Defendant knew that Plaintiff cannot make any payment, and yet, continued to annoy Plaintiff, and causing the phone to ring repeatedly.
35. Plaintiff again and again, repeatedly requested Defendant to stop calling stating that he will pay when he gets the money, and does not need any call-type reminders.
36. Despite Plaintiff's request to stop calling, Defendant continued to call, to annoy and harass Plaintiff in attempt to collect a debt.
37. Within a span of less than one (1) month Plaintiff received over forty (40) calls, because Defendant would call (2)-(3) times a day, on daily basis.
38. For instance, Defendant called at least once on June 1, 2017 and June 2, 2017, twice on June 5, 2017, twice on June 6, 2017, twice on June 7, 2017, three times on June 8, 2017, three times on June 9, 2017, twice on June 10, 2017, at least once on June 11, 2017, twice on June 12, 2017, twice on June 13, 2017, three times on June 14, 2017, three times on June 15, 2017, twice on June 16, 2017, at least once on June 17, 2017, twice on June 19, 2017, twice on June 20, 2017, twice on June 21, 2017, three times on June 22, 2017, two times on June 23, 2017, and two times on June 24, 2017.
39. However, Defendant's calls did not stop despite Plaintiff's agitated, exhausted, frustrated requests to stop calling after Plaintiff's repeated waiting on the line until he is connect to Defendant's representative.
40. Defendant intended to cause Plaintiff stress, agitation, and invasion of his privacy.
41. Month after month, Defendant would call on repeated and unstoppable basis, generally making over 50 calls per a month when Plaintiff was late or in default on any financial obligations to Defendant.

42. Despite Plaintiff's express and repeated requests to stop calling, in 2016 and 2017, Defendant continued to persistently call Plaintiff's cellular telephone.
43. Plaintiff received more than one hundred calls (100) after asking the Defendant to stop calling.
44. The calls from Defendant came from phone numbers including, but not limited to, 800-266-2278.
45. Defendant, upon information and belief, used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and an artificial and pre-recorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).
46. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
47. Upon information and belief, Defendant's ATDS also has the capacity to and does, dial telephone numbers stored as a list or in a database without human intervention.
48. Plaintiff's telephone number, Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
49. These unwanted telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
50. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).
51. Further, Plaintiff specifically revoked any consent (which Defendant may have mistakenly believed existed), when Plaintiff asked them to stop calling on multiple occasions.
52. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

53. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

54. Where Defendant called Plaintiff after Plaintiff asked them to stop calling on various occasions, the natural consequence was harassment and oppression felt by Plaintiff in violation of 15 U.S.C. § 1692d incorporated through the Rosenthal Act § 1788.17.

55. Further, Defendant's repeated calls averaging approximately over fifty (50) calls per a month, were intended to annoy and harass Plaintiff in violation of § 1788.11(d), § 1788.11(e), and Cal. Civ. Code § 1788.17 which incorporates 15 U.S.C. § 1692d(5).

56. The calls to Plaintiff from Defendant after the receipt of the Plaintiffs multiple requests to stop call constitute unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

57. The Rosenthal Act "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debt." *See* Cal. Civ. Code § 1788.17(a)(2).

58. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17 by continuing contacting Plaintiff despite Plaintiffs repeated requests for Defendant to stop calling him.

59. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. §§ 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's debt despite Defendant's knowledge that Plaintiff is a student and has no means to pay to Defendant.

60. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.11(e), despite the Plaintiffs repeated requests

that Defendant stop calling, with intent to harass Plaintiff in connection with the collection of a debt.

61. Plaintiff was personally affected because he was frustrated, distressed, and embarrassed, that despite his inability to pay and repeated requests to stop harassing him, Defendant continued to harass Plaintiff with calls using an ATDS and pre-recorded messages.

62. Plaintiff was injured because his privacy rights were infringed upon in the form of harassment by Defendant.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

63. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 ET. SEQ.

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

71. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### FOURTH CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

74. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

- Actual damages;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

- Actual damages;

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. § 1692 ET. SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages in an amount to be proven at trial;
- Any and all other relief that the Court deems just and proper.

## TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART, APC**

Date: August 29, 2017         By: s/Joshua Swigart
                              Joshua B. Swigart, Esq.
                              josh@westcoastlitigation.com
                              *Attorney for Plaintiff*

<u>ADDITIONAL COUNSEL FOR PLAINTIFF:</u>
**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523